1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                       * * *
                                          )
7    JERALD L. KENDRICK,                  )
                                          )
8              Plaintiff,                  )
                                          )
9     v.                                   )          2:06-CV-00395-PMP-RJJ
                                          )
10   MICHAEL BRUNET, TINA BRUNET,          )          O R D E R
     BRUNET ENTERPRISES, INC.,            )
11                                        )
               Defendants.                )
12   _____)

13          Presently before the Court is Defendants' Motion to Dismiss or in the Alternative

14   Motion for a More Definite Statement (Doc. #5) filed on July 20, 2006.  On August 3, 2006,

15   Plaintiff filed a Response to Defendants' Motion to Dismiss (Doc. #6).  Defendants filed a

16   Reply on August 11, 2006 (Doc. #7).  On August 17, 2006, Plaintiff filed a Response to

17   Defendants' Reply (Doc. #9).

18   **I.       BACKGROUND**

19          According to the Complaint, Plaintiff Jerald L. Kendrick ("Kendrick") is a 71-

20   year-old former employee of Defendants.  (Compl. [Doc. ##1, 13] at 1.)  Plaintiff worked

21   for Defendants from September 2004 until March 2006.  (Id. at 2.)  Plaintiff alleges in his

22   first cause of action that Defendants violated Title VII of the United States Civil Rights Act

23   by "willfully, maliciously, knowingly, and with pecuniary motive and intent, defraud[ing]

24   Plaintiff of his statutorily imposed earnings" in an effort to unjustly enrich themselves

25   because "Plaintiff was the oldest employee and needful."  (Id.)  With respect to his second

26   cause of action, Plaintiff alleges Defendants unlawfully deprived the Internal Revenue

1   Service and Social Security Administration of monies due them in violation of the United

2   States Tax Code and chapters 86 and 600 of the Nevada Revised Statutes.  (Id.)

3          Plaintiff's third cause of action claims Defendant Michael Brunet intentionally

4   sought to defraud Plaintiff and the State of Nevada's Employment Security Division by

5   "suborning perjury through his seeking to persuade his present and past employees, under

6   coercion of job loss and threat of pay loss, to lie about factual matters of which such

7   employees and former employee know the true nature."  (Id. at 2-3.)  Finally, Plaintiff's

8   fourth cause of action avers Defendant Michael Brunet mistreated Plaintiff in violation of

9   Nevada's elderly abuse statutes and federal labor laws.  (Id. at 3.)

10          Defendants move to dismiss the Complaint under Federal Rules of Civil

11   Procedure 8(a) and 9(b) because Plaintiff's Complaint fails to provide a statement of the

12   grounds upon which the Court's jurisdiction depends, is "completely devoid of factual

13   allegations" concerning the material elements of its claims, and does not allege fraud with

14   particularity.  In addition, Defendants argue the Court should dismiss Plaintiff's Complaint

15   because Plaintiff has failed to exhaust administrative remedies, lacks standing, and fails to

16   state a claim upon which relief can be granted.  Plaintiff responds jurisdiction should attach

17   because he has brought his suit under "the umbrella of the U.S. Code of Civil Rights."

18   Plaintiff also contends his Complaint adequately states a claim for relief and he has clearly

19   stated a claim of fraud.

20   **II.       LEGAL STANDARD**

21          In considering a motion to dismiss, "all well-pleaded allegations of material fact

22   are taken as true and construed in a light most favorable to the non-moving party."  Wyler

23   Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation

24   omitted).  However, the Court does not necessarily assume the truth of legal conclusions

25   merely because they are cast in the form of factual allegations in the plaintiff's complaint.

26   See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a

1   strong presumption against dismissing an action for failure to state a claim.  See Gilligan v.

2   Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  The issue is not

3   whether the plaintiff ultimately will prevail, but whether he may offer evidence in support

4   of his claims.  Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  Consequently,

5   the Court may not grant a motion to dismiss for failure to state a claim "unless it appears

6   beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

7   entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hicks v.

8   Small, 69 F.3d 967, 969 (9th Cir. 1995).

9           The liberal rules of notice pleading set forth in the Federal Rules of Civil

10  Procedure do not require a plaintiff to set out in detail the facts supporting his claim.  See

11  Yamaguchi v. United States Dep't of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997)

12  (quoting Conley v. Gibson, 355 U.S. at 47).  All the Rules require is a "short and plain

13  statement" that adequately gives the defendant "fair notice of what the plaintiff's claim is

14  and the grounds upon which it rests."  Id. (citations and internal quotations omitted).  A

15  claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can

16  grant, even if the complaint asserts the wrong legal theory or asks for improper relief.  See

17  United States v. Howell, 318 F.2d 162, 166 (9th Cir. 1963).

18          In the case of a pro se plaintiff, the Court construes the pleadings liberally.  Pena

19  v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  Accordingly, "the allegations of  a [pro se

20  litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than

21  formal pleadings drafted by lawyers . . . .'"  Eldridge v. Block, 832 F.2d 1132, 1137 (9th

22  Cir. 1987) (quoting Huges v. Rowe, 449 U.S. 5, 9 (1980)).  "Moreover, before dismissing

23  an action, a court should always be certain that other less drastic alternatives are not

24  available."  Id.  Nevertheless, a liberal reading of a pro se litigant's complaint does not

25  mean the Court may supply the necessary elements of the claim that the pro se litigant did

26  not initially plead.  Pena, 976 F.2d at 471.  Furthermore, pro se status does not excuse a

3

1  litigant from complying with the court's procedural or substantive rules.  See United States

2  v. Flewitt, 874 F.2d 669, 675 (9th Cir. 1989).

3  **III.        DISCUSSION**

4         **A.  Count One: Title VII/Age Discrimination Employment Act ("ADEA")**

5         Count one of Plaintiff's Complaint alleges a "violation of TITLE 7, UNITED

6   STATES CIVIL RIGHTS ACT, as rendered judgment in ADEA SMITH V. CITY OF

7  JACKSON . . . ."  (Compl. at 2.)  Defendants argue this Court should dismiss count one of

8  Plaintiff's Complaint because Plaintiff has failed to exhaust administrative remedies as a

9  jurisdictional prerequisite to filing suit in this Court.  Specifically, Defendants argue

10  Plaintiff has failed to file a charge of discrimination with the Equal Employment

11  Opportunity Commission ("EEOC") before bringing suit in this Court.  Plaintiff does not

12  respond to this argument.

13         Prior to bringing a Title VII or ADEA suit in federal district court, the plaintiff

14  must exhaust his administrative remedies.  Greenlaw v. Garrett, 59 F.3d 994, 997 (9th Cir.

15  1995) (Title VII); Albano v. Schering-Plough Corp., 912 F.2d 384, 386 (9th Cir. 1990)

16  (ADEA).  A plaintiff must pursue the administrative claim with diligence and in good faith.

17  Id. (citing Vinieratos v. United States Air Force, 939 F.2d 762, 771 (9th Cir. 1991)).  "A

18  plaintiff may not cut short the administrative process prior to its final disposition, for upon

19  abandonment a claimant fails to exhaust administrative relief and may not thereafter seek

20  redress from the courts."  Id. (citing Purtill v. Harris, 658 F.2d 134, 138 (3rd Cir. 1981)).  A

21  plaintiff's failure to raise a Title VII or ADEA claim before the EEOC deprives the district

22  court of subject matter jurisdiction.  Lowe v. City of Monrovia, 775 F.2d 998, 1003 (9th

23  Cir. 1985); 29 U.S.C. § 626(d) (1988).

24         In addition to fulfilling these jurisdictional prerequisites, a plaintiff alleging fraud

25  is required under Federal Rule of Civil Procedure 9(b) to state with particularity the

26  circumstances constituting fraud in the complaint.  To satisfy this burden, the complaint

4

1  "'must set forth more than the neutral facts necessary to identify the transaction.'" <u>Yourish</u>

2  <u>v. Cal. Amplifier</u>, 191 F.3d 983, 993 (9th Cir. 1999) (footnote omitted) (quoting <u>In re</u>

3  <u>GlenFed Sec. Litig.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).  The Ninth Circuit has

4  defined "neutral facts" to mean the "'time, place, and content of an alleged

5  misrepresentation.'"  <u>Id.</u> at 993 n.10 (quoting <u>GlenFed</u>, 42 F.3d at 1547-48).  "[M]ere

6  conclusory allegations of fraud are insufficient."  <u>Moore v. Kayport Package Express, Inc.</u>,

7  885 F.2d 531, 540 (9th Cir. 1989).  Moreover, the plaintiff's complaint must explain what is

8  false about a statement and why it is false.  <u>Id.</u>  However, a plaintiff may aver generally

9  intent, malice, knowledge, and other conditions of mind.  Fed. R. Civ. P. 9(b).

10       Plaintiff's Complaint does not allege that he has filed a charge of discrimination

11  with the EEOC under Title VII or the ADEA.  Because such a filing is a prerequisite to

12  bringing suit in federal district court, the Court must dismiss count one of Plaintiff's

13  Complaint for lack of subject matter jurisdiction.  Furthermore, Plaintiff has failed to allege

14  fraud with particularity.  Plaintiff's Complaint states that Defendants defrauded Plaintiff of

15  his earnings to unjustly enrich themselves but does not specify the time, place, and content

16  of the alleged misrepresentation or explain what is false about Defendants' alleged

17  statements and why they are false.  However, the Court will grant Plaintiff leave to amend

18  his Complaint to demonstrate he has satisfied the necessary prerequisites to filing an action

19  under Title VII or the ADEA and to allege with particularity the facts and circumstances

20  constituting the alleged fraud.

21             **B. Count Two: Tax Fraud & Social Security Fraud**

22       Count two of Plaintiff's Complaint claims that Defendants "did willfully,

23  maliciously, unlawfully, and with intent to defraud, deprive the United States Government

24  Revenue Service, and the Social Security Administration, of monies due them, under all

25  applicable statutes of the United States Tax Code, all in violation of laws . . . ."  (Compl. at

26  2.)  Defendants argue Plaintiff lacks standing to assert count two because Plaintiff has

1  failed to allege Defendants "invaded a legally protected interest of Plaintiff."  (Mot. to

2  Dismiss or in the Alternative Mot. for a More Definite Statement ["Mot. to Dismiss"] at 7.)

3  Plaintiff responds that "[t]he CLAIMS ACT OF 1893" allows private citizens to initiate

4  suits "in cases where fraud against governmental agencies has caused loss of obligations

5  thereto . . . ."  (Pl.'s Resp. to Defs.' Mot. to Dismiss at 4.)

6         A plaintiff seeking to invoke a federal district court's jurisdiction must establish

7  he has standing to sue before the court may consider the merits of his claims.  Whitmore v.

8  Arkansas, 495 U.S. 149, 154 (1990).  Standing consists of three elements: (1) an injury-in-

9  fact; (2) a "causal connection between the injury and the conduct complained of;" and (3) a

10 likelihood that the injury can be redressed by a decision favorable to the party seeking

11 jurisdiction.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  The party

12 seeking to invoke federal jurisdiction has the burden of establishing these elements.  Id. at

13 561.  When a motion to dismiss is based on lack of standing, the Court accepts as true the

14 material allegations in the complaint and construes the complaint in the complaining party's

15 favor.  Warth v. Seldin, 422 U.S. 490, 501 (1975).  When the plaintiff lacks standing, the

16 court has no jurisdiction.  Whitemore, 495 U.S. at 155.

17        Plaintiff does not have standing under the three-prong test articulated above.

18 Plaintiff has not alleged Defendants invaded one of his legally protected interests.  Instead,

19 Plaintiff alleges Defendants invaded the IRS and Social Security Administration's interests

20 by depriving them of revenue.  Moreover, even if Plaintiff has suffered an injury in fact, he

21 has not demonstrated a causal connection between the injury and Defendants' alleged

22 conduct.

23        However, a liberal reading of Plaintiff's Complaint indicates Plaintiff may be

24 attempting to assert a qui tam action under the False Claims Act ("FCA"), 31 U.S.C. §§

25 3729-33, which provides a plaintiff (also known as "relator") standing in certain

26 circumstances.  See Ver. Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 778

6

1   (2000) (stating there is "no room for doubt that a <u>qui</u> <u>tam</u> relator under the FCA has Article

2   III standing."). The FCA holds liable those who defraud the government. <u>United States v.</u>

3   <u>Catholic Healthcare W.</u>, 445 F.3d 1147, 1151 (9th Cir. 2006); <u>see also</u> 31 U.S.C. § 3729.

4   The FCA "encourages the uncovering of such fraud by permitting private persons to bring

5   <u>qui</u> <u>tam</u> actions on behalf of the government" which, if successful, allow <u>qui</u> <u>tam</u> relators to

6   "share in any recovery obtained on the government's behalf." <u>Catholic Healthcare</u>, 445

7   F.3d at 1151; <u>see also</u> 31 U.S.C. § 3730(b), 3730(d).

8           Under the FCA, a <u>qui</u> <u>tam</u> relator must bring the action in the name of the

9   government and must provide the government a copy of the complaint and a written

10  disclosure of all the material evidence the relator possesses. 31 U.S.C. § 3730(b)(1)-(2).

11  The relator must also file the complaint with the Court in camera, where it will remain

12  under seal for at least sixty days. <u>Id.</u> at § 3730(b)(2). A relator cannot serve the defendant

13  until the court so orders. <u>Id.</u> Before the sixty days have expired, the government must

14  either take over the action, in which case the government must conduct the suit, or advise

15  the court that it declines to proceed with the action, in which case the relator has the right to

16  conduct the suit. <u>Id.</u> at § 3730(b)(3). The FCA, however, "does not apply to claims,

17  records, or statements made under the Internal Revenue Code." 31 U.S.C. § 3729(e).

18          In addition to fulfilling the jurisdictional requirements of a <u>qui</u> <u>tam</u> action, a

19  relator also must satisfy the heightened pleading requirements of Federal Rule of Civil

20  Procedure 9(b). <u>U.S. ex rel. Lee v. SmithKline Beecham, Inc.</u>, 245 F.3d 1048, 1051 (9th

21  Cir. 2001). As explained above, this means a plaintiff must state the facts and

22  circumstances constituting fraud with particularity. <u>See</u> Fed. R. Civ. P. 9(b).

23          In this case, even if Plaintiff is attempting to assert a <u>qui</u> <u>tam</u> action, the Court

24  will dismiss Plaintiff's claim because the Complaint does not demonstrate he has met the

25  jurisdictional prerequisites. Plaintiff's Complaint fails to aver Plaintiff provided the

26  government with a copy of the complaint and a written disclosure of all the material

7

1   evidence.  Plaintiff did not allege he filed the complaint with the court in camera.  Further,

2   Plaintiff has brought this action in his own name, not the government's name as the statute

3   requires.  Moreover, to the extent Plaintiff is attempting to assert a <u>qui</u> <u>tam</u> action under the

4   FCA on behalf of the Internal Revenue Service, Plaintiff's action fails because the FCA

5   expressly excludes "claims, records or statements made under the Internal Revenue Code."

6   Additionally, Plaintiff's failure to plead fraud with particularity is a separate ground for

7   dismissal.  Accordingly, the Court will dismiss count two of Plaintiff's Complaint with

8   leave to amend to demonstrate he has satisfied the jurisdictional prerequisites to bringing a

9   <u>qui</u> <u>tam</u> action in this Court and to plead fraud with particularity.

10                           **C.  Count Three: Fraud & Subornation of Perjury**

11                           Plaintiff alleges in count three that:

12                           DEFENDANT MICHAEL BRUNET, did, personally, willfully,
                           unlawfully, Maliciously, and with personal animus, intentionally seek
13                           to defraud PLAINTIFF, the State of Nevada EMPLOYMENT
                           SECURITY DIVISION, and the regulations promulgated by the
14                           Nevada Secretary of States Office, Corporations Division, by
                           suborning perjury through his seeking to persuade his present and past
15                           employees . . . to lie about factual matters . . . .

16   (Compl. at 2-3.)  Defendants argue Plaintiff lacks standing to sue for fraud on behalf of the

17   foregoing government authorities and fails to plead with particularity the circumstances and

18   facts constituting fraud.  Conversely, Plaintiff argues he has sufficiently stated a claim for

19   fraud.

20                           Plaintiff does not plead with particularity the fraud claim in count three.

21   Plaintiff's Complaint neither includes "neutral facts," such as the time, place, and content of

22   Defendant Michael Brunet's alleged misrepresentation, nor facts setting forth what is false

23   about Brunet's alleged statements and why they are false.  Consequently, the Court will

24   dismiss count three of Plaintiff's Complaint with leave to amend to allege a sufficient

25   factual basis supporting his fraud claim.

26   ///

1    **D.  Count Four: Violation of Elderly Abuse Statutes**

2        Count four of Plaintiff's Complaint states that Defendant Michael Brunet "did,

3    by his actions taken in his employment of Plaintiff Kendrick, impose upon Plaintiff, a series

4    of acts Contravening the elderly abuse statutes of the state of Nevada and the Federal Labor

5    laws applicable thereto."  (Compl. at 3.)  Defendants argue Plaintiff has failed to set forth

6    sufficient factual allegations to sustain recovery under any actionable legal theory.  Plaintiff

7    does not respond to this argument.

8        Federal Rule of Civil Procedure 8(a) provides that a complaint "shall contain . . .

9    a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

10   The Federal Rules "do not require a claimant to set out in detail the facts upon which he

11   bases his claim.  To the contrary, all the rules require is a short and plain statement of the

12   claim that will give defendant fair notice of what is the plaintiff's claim and the ground

13   upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1958).

14       Plaintiff's Complaint alleging Defendant Michael Brunet imposed "a series of

15   acts contravening the elderly abuse statutes" does not give Defendants fair notice of the

16   grounds upon which Plaintiff's claim rests.  Without more, Defendants are forced to

17   speculate as to which acts Plaintiff is referring and how those acts may have violated the

18   "elderly abuse statutes."  Accordingly, the Court will dismiss count four with leave to

19   amend for Plaintiff to allege the factual grounds upon which this claim rests.

20   **E.  Jurisdiction & Federal Rule of Civil Procedure 8(a)**

21       As an independent basis for dismissal, Defendants contend Plaintiff's Complaint

22   fails to comply with Federal Rule of Civil Procedure 8(a).  Defendants argue Plaintiff's

23   Complaint fails to provide a statement specifying the grounds upon which the Court's

24   jurisdiction rests.  Plaintiff argues the Court has jurisdiction because the Complaint alleges

25   a violation of "Title 7, United States Civil Rights Act."

26   ///

1    Federal Rule of Civil Procedure 8(a) provides that a complaint "shall contain . . .

2  a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ."

3  However, "[i]f facts giving the court jurisdiction are set forth in the complaint, the

4  provision conferring jurisdiction need not be specifically pleaded." Aguirre v. Automotive

5  Teamsters, 633 F.2d 168, 174 (9th Cir. 1980) (quoting Williams v. United States, 405 F.2d

6  951, 954 (9th Cir. 1969)); see also Bowers v. Campbell, 505 F.2d 1155, 1157 n.2 (9th Cir.

7  1974) (stating a plaintiff is "not required specifically to plead the statutory provision

8  conferring jurisdiction" as long as the plaintiff alleges sufficient facts to state a claim).

9    While Plaintiff's Complaint refers to various federal laws, each of which could

10  provide this Court with subject matter jurisdiction, the Complaint neither includes a

11  statement specifying the grounds upon which this Court's jurisdiction rests nor pleads

12  sufficient facts giving the Court jurisdiction under those statutes. Therefore, the Court

13  advises Plaintiff that in the event he files an amended complaint, he must comply with Rule

14  8(a).

15  **IV.      CONCLUSION**

16    IT IS THEREFORE ORDERED that Plaintiff's Complaint is hereby dismissed

17  with leave to amend to (1) show Plaintiff has fulfilled the necessary jurisdictional

18  prerequisites to bring suit in this Court; (2) plead fraud with particularity; (3) plead

19  sufficient facts to provide Defendants fair notice of the grounds upon which Plaintiff's

20  claims rest; and (4) include a statement specifying the grounds upon which the Court's

21  jurisdiction rests or facts giving the Court jurisdiction under the statutes relied upon herein.

22

23  DATED:   December 14, 2006

24

25  _____
          PHILIP M. PRO
26          Chief United States District Judge